# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1908-1909

## Frazer *v.* The State.

*Violating Written Contract.*

(Decided April 9, 1909. 49 South. 245.)

1. *Fraud; Violating Contract; Evidence.*—Where the prosecutor had testified that he went to a certain point in Pike County distant from his home, and secured defendant and brought him back to his home because he was a surety on defendant's bond for his appearance to answer a criminal charge, and that this was done a short time before defendant entered into the contract alleged to have been violated, it was competent for the defendant to show that the grand jury had met, considered the charge for which he was bound to appear and had found no bill against him, since such evidence tended to shed light on the intent of the defendant in entering into the contract, and for the further purpose of impeaching the testimony of the prosecutor by showing that he did not bring defendant back for the purpose stated, he not being at that time liable as a surety.

2. *Same.*—The contract alleged to have been violated was properly admitted in evidence since it was in compliance with the statutory requirements.

3. *Same; Writing.*—The word, writing, as used in section 345, Code 1907, includes printing as well.

4. *Trial; Conduct of Court; Reading Statute to Jury.*—The court may properly read to the jury the sections of the Code bearing upon the crime for which one is then being prosecuted.

APPEAL from Pike Law Court.

Heard before Hon. A. H. OWENS.

From a conviction of entering into a written contract of hire with a fraudulent intent, Mack Frazer appeals. Reversed and remanded.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State. The contract was properly admitted in evidence. —Greenl. on Evi. sec. 563. The court did not err in reading the statute to the jury.—*Holly v. The State,* 75 Ala. 14. The question was indefinite and the answer called for by it was irrelevant and immaterial.

DOWDELL, C. J.—The appellant was tried and convicted in the Pike county law court on an affidavit sworn out by Ben Parks, the prosecutor, charging him with a violation of section 6845 of the Criminal Code of 1907. Parks, the prosecutor, was examined as a witness on behalf of the state. He testified on his cross-examination "that about the 16th day of September, 1907, he went to Pronto, in Pike county, after the defendant, and carried him back to his (witness) place; that the reason he did this was that he was on defendant's bond for his appearance at the circuit court in Pike county on a charge of assault with intent to murder; that he went on defendant's bond about February 1, 1907." Defendant's counsel then sought to show by the witness, and also by the records of the circuit court, that at the spring term of 1907 of said circuit court the grand jury of said county had acted on the charge against the defendant of assault with intent to murder, and failed to indict the defendant, and returned "no bill" as to said charge. The trial court, on the objection of the solicitor, refused to allow this evidence, to which action of the court the defendant duly excepted.

In this ruling the trial court committed reversible error. The contract under which the defendant was prosecuted was executed on the 24th day of September, 1907. This was shortly after the prosecutor went to Pronto, and got the defendant, and carried him back to his (prosecutor's) place, by reason, as he claims, of

[Frazer v. The State.]

being surety on the defendant's appearance bond. The gist of the present prosecution is the defendant's entering into the contract of hire with fraudulent intent and purpose, and thereby obtaining money which, with like fraudulent intent, he failed and refused to return, after refusal to carry out said contract. If the defendant entered into said contract under any sort of compulsion on the part of the prosecutor, then this would be a circumstance to go to the jury, and be considered by them in determining whether the defendant entered into the contract with fraudulent intent. On this theory the evidence offered was competent to go to the jury. Moreover, it was competent to contradict the testimony of the prosecutor as to his reasons for going to Pronto after the defendant, since he, as surety on defendant's appearance bond to answer for the charge of assault with intent to murder, was no longer bound as such surety after the grand jury had acted on the case and returned no bill.

There was no error committed in admitting in evidence the written contract entered into by defendant. Nor was there any error in the court's reading to the jury the section of the Criminal Code under which the defendant was prosecuted, nor in explaining to the jury that the word "writing" in the code included printing.

For the error pointed out, the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.