33 So.2d 880

## GAINER v. BOARD OF EDUCATION OF JEFFERSON COUNTY et al.

### 6 Div. 649.

Supreme Court of Alabama.

Jan. 15, 1948.

Rehearing Denied Feb. 26, 1948.

Geo. S. Brown, Crampton Harris, and Arthur D. Shores, all of Birmingham, for appellant.

Harvey Deramus and Josh Mullins, Jr., both of Birmingham, for appellees.

258

BROWN, Justice.

This is an appeal from a judgment of the circuit court denying peremptory writ of mandamus sought by the appellant to compel the board to recognize petitioner's continuous service status under the teacher's tenure of employment act embodied in Chapter 13, Title 52, Code of 1940. The petition was filed under the provisions of § 358 of said title as amended by the act approved July 7, 1945. See 1945 Cumulative Pocket Part, Code of 1940, p. 20, § 358, T. 52.

Upon the filing of the petition for mandamus averring that petitioner had served as a teacher in the public school system of Jefferson County for a term of 12 years and had acquired a continuing service status under the provisions of said chapter 13, that her contract of employment as such teacher had remained and was still in full force and has not been cancelled as provided by §§ 357, 358 or 360 of said Title 52, duly verified by affidavit, an alternative writ of mandamus was issued to the Board of Education of Jefferson County, commanding and enjoining on said board to "immediately after the receipt of this writ, you

as a member of the Board of Education of Jefferson County, Alabama, acting in concert with the other members of the Board of Education of Jefferson County, Alabama, restore the said Ruby Jackson Gainer to her position as a teacher in the public school system of Jefferson County, Alabama, and render void and of no effect the purported termination of her contract of employment, or that you show cause to the contrary before this court on the 4th day of September, 1947, at 10:00 A. M. or as soon thereafter as counsel can be heard, and that you plead, answer or demur at that time to the said verified petition."

■ The petition for mandamus is the first pleading and if it shows a prima facie right to the relief sought, it serves its purpose, when the court orders the issuance of the rule nisi or alternative writ. Board of Education of Jefferson County et al. v. State ex rel. Kuchins et al., 222 Ala. 70, 131 So. 239; Longshore, Judge, etc., v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Garrett v. Cobb, 199 Ala. 80, 74 So. 226.

■■ The alternative writ or rule nisi is not only process, but is pleading, and in strictness is the pleading to be answered by the respondents in their return. If the return shows that the petitioner is without right to the peremptory writ of mandamus, the whole proceeding is subject to be quashed, either ex mero motu or on motion of the respondents. Longshore, Judge, etc., v. The State ex rel. Turner, supra.

On the date of the hearing the defendants appeared by counsel and demurred to the petition. The demurrer being overruled, in part, the respondents filed answer to the petition, admitting some of its averments and denying others. The respondents filed no return to the alternative writ pleading the cancellation of the petitioner's contract by "a vote of majority of its members *evidenced by the minute entries* of said board made prior to or at the time of any such action," as required by said § 360, Title 52, Code of 1940, as amended. Code of 1940 (Pocket Part), Title 52, § 360. Nor did the board offer proof of such proceedings.

The contention of the appellees on the trial in the circuit court and renewed here was and is that the trial on the hearing of the mandamus proceedings is a trial de novo and not a mere review of the proceedings had before the board. The petitioner's contention was and is to the contrary. Section 358 of said statute as amended, provides: "The action of the employing board of education, if made in compliance with the provision[s] of this chapter, and unless arbitrarily unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter, and whether such action is arbitrarily unjust, *may be reviewed* by petition for mandamus filed in the county where said school system is located. No action at law shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools." [Italics supplied.]

In the light of the statute, the contention of the board cannot be sustained. The review authorized is to determine whether the proceedings of the board are in compliance with the statute, evidenced by an entry on the minutes of the board, and whether or not the proceedings are arbitrarily unjust. Code of 1940, Tit. 52, § 360, supra.

The alternative writ in the instant case, by way of premises for and inducement to its mandate, set out the facts upon which the petitioner bases her right and the mandate of the writ is, in the alternative, to restore the petitioner to her rights as teacher or show cause why she should not be so restored.

The only permissible answer to this alternative writ is a return by the board that she has been restored to her status as a teacher or that her contract had been cancelled and her status as a teacher terminated by the proceedings of the board evidenced by an entry on the minutes as required by said § 360, chapter 13, Title 52, Code of 1940, as amended. In the absence of such return the petitioner was entitled to the peremptory writ of mandamus as prayed.

Reversed and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.