184 So.2d 348

**George COOPER et al., Members of Planning Commission for City of Huntsville,**

v.

**John D. ACUFF et al.**

**8 Div. 191.**

Supreme Court of Alabama.

March 17, 1966.

Morring, Giles & Watson, Huntsville, for appellants.

Cloud, Berry & Ables, Huntsville, for appellees.

LAWSON, Justice.

John D. Acuff and Willie Bell Acuff filed a petition for mandamus in the Circuit Court of Madison County on May 19, 1964, against George Cooper and other named individuals as members of the Planning Commission for the City of Huntsville.

The petition alleged that on March 19, 1964, an agent of relators presented a plat of a proposed subdivision to one Dean Matthews, the City Planner for the City of Huntsville, as agent for the Planning Commission of that City, for the approval or disapproval of the Planning Commission. An affidavit of the agent of relators to the effect that he did present the plat to the City Planner on March 19, 1964, was made an exhibit to the petition for mandamus and made a part of the petition.

The petition further alleged that the Planning Commission neither approved nor disapproved the plat within a period of thirty days from the time it was presented to the "Defendants."

Paragraphs 5 and 6 of the petition read:

"5. The Plaintiffs believe and charge upon such information and belief the fact to be that the Planning Commission of the City of Huntsville * * * did not hold a hearing on said Plat submitted for approval or disapproval.

"6. Plaintiffs have been informed, and charge upon such information and belief the fact to be that on to-wit: April 30, 1964, at 11:30 A.M. in Michaels Restaurant facilities at Holiday Inn, the Planning Commission members present disapproved referenced Plat of Greenwycke Village, Ninth Addition, such approval being subsequent to and beyond the thirty days after the submission thereof to the Planning Commission."

It was further alleged in paragraph 7 of the petition that the agent for relators on May 7, 1964, demanded a certificate of approval from the Planning Commission, which it has refused or failed to grant.

The prayer of the petition reads:

"WHEREFORE, the Plaintiffs respectfully pray that this Court will issue to said Defendants in their official capacity as members of the Planning Commission of the City of Huntsville, Huntsville, Alabama, a Municipal Corporation,

its Alternative Writ of Mandamus, commanding them to show cause why they should not be required to issue a Certificate of Approval of the Subdivision as platted and presented to them for their approval March 19, 1964."

Although no reference is made in the petition to § 799, Title 37, Code 1940, as amended, it is apparent from the brief that relators rely upon the hereinafter quoted provisions of that section as construed by this court in Sandlin v. Goldstein, 264 Ala. 358, 87 So.2d 861, for the relief sought. We quote:

"The planning commission shall approve or disapprove a plat within thirty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the commission on demand: * * *."

The judge to whom the petition was presented ordered the alternative writ to issue as prayed. This order was rendered on May 19, 1964, and the writ was issued on the same day.

Demurrers to the petition were filed on June 2, 1964, and were overruled on June 16, 1964. The respondents filed an answer or return to the petition on July 25, 1964. The "answer" alleged among other things that no plat was ever submitted to the Planning Commission made in accordance "with the law of the State of Alabama"; that "a drawing which purported to be a preliminary plat was presented to the Planning Commission on April 2, 1964, for information or consideration," which "drawing" was disapproved on April 30, 1964.

On November 19, 1964, the relators filed what they call an answer to respondents' answer which is, in effect, a replication and reads: "Comes now the Plaintiffs in the above styled cause and deny each and every material allegation of the Defendants' Answer and demand strict proof thereof."

The cause came on for a hearing on November 19, 1964. It is apparent from the colloquy which took place between counsel for the parties that the attorney for relators entertained the view that the sworn petition for mandamus made out a prima facie case for relators. He introduced the petition in evidence over objection of respondents and then rested. Respondents then moved to exclude the evidence, which motion was overruled. A written motion to quash the alternative writ was then filed by respondents. It was overruled. Thereafter the attorney representing the respondents stated: " * * * the defendants demur to the evidence."

On November 30, 1964, the trial court rendered the following judgment:

"This cause coming on to be heard on the sworn petition of Plaintiffs and affidavit of Martin Phillips, incorporated in the sworn petition, demurrers by the Defendants, answer of Defendant, answer of Plaintiff and issue being joined the Court proceeds to hear the cause in open Court.

"The sworn petition was introduced into evidence and Plaintiffs rested. Defendants demurred to the evidence.

"The Court having considered the demurrer to the evidence is of the opinion that the demurrer is not well taken.

"It is therefore considered, ordered, adjudged and decreed by the Court that the Defendants' demurrer to the evidence is overruled.

"It is therefore considered, ordered, adjudged and decreed by the Court and the Defendants are directed to issue the certificate of approval of the subdivision as submitted by the Plaintiffs within ten (10) days from the date of this order."

The respondents filed a motion for new trial, which was overruled. Thereafter they appealed from the judgment of November 30, 1964, and from the judgment overruling their motion for new trial.

The cause was submitted on motion and merits.

## Motion

■ Appellee has moved that the appeal should be dismissed "for that the Appellants failed to file security for the cost of Appeal, approved by the Judge trying the case in the Court below as required by Title 7, Section 761, 1940, Code of Alabama, as last amended."

The appeal in this case was not taken from the judgment or order awarding the alternative writ, hence § 761, Title 7, supra, has no application. The appeal was from the final judgment and from the judgment overruling the motion for new trial and is governed by § 1074, Title 7, Code 1940, and the security for cost was due to be and was approved by the clerk. Cf. Ex parte Campbell, 130 Ala. 171, 30 So. 385, with Mayfield v. Court of County Com'rs, 148 Ala. 548, 41 So. 932,

The motion to dismiss the appeal is overruled and denied.

## On the Merits

■ The petition for mandamus is the first pleading and if it shows a prima facie right to the relief sought, it serves its purpose when the court orders the issuance of the rule nisi or alternative writ. Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880, and cases cited.

■ The alternative writ or rule nisi is not only process but is pleading to be answered by the respondents in their return. Gainer v. Board of Education of Jefferson County, supra.

■ The "answer" or return of the respondents, unless controverted, is taken as true. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560, and cases cited.

■ The "answer" or replication of relators to the respondents' "answer" or return was simply a joinder of issue. It did not destroy the evidential value of the return. Having joined issue, the burden of controverting by competent legal evidence the facts stated in the return was upon relators. Ex parte Loyd, 275 Ala. 416, 155 So.2d 519, and cases cited.

■ Relators did not attempt to meet that burden except by introducing the sworn petition including the affidavit made an exhibit thereto. This was not sufficient to meet the burden which was upon relators. To so hold would enable a relator to shift to respondents the burden which under our cases is upon the relator. As shown above, the petition had served its purpose when the alternative writ was issued. Gainer v. Board of Education of Jefferson County, supra.

■■ Relators not having met the burden which was upon them to controvert by competent legal evidence the facts stated in the "answer" or return of respondents, the "answer" or return of respondents must be taken as true. Under those facts, the relators were not entitled to a peremptory writ of mandamus and the trial court erred in so adjudging.

■ We do not think that under our practice the filing of the motion to quash constituted a waiver of the "answer" or return. As observed in Gainer v. Board of Education of Jefferson County, supra, a motion to quash is proper where the "answer" or return shows that the relator is without right to the peremptory writ. And even though the "answer" or return may not so show, we do not think the filing of the motion to quash operated as a waiver of the "answer" or return of respondents. The oral statement of counsel for respondents that "the Defendants demur to the evidence" was altogether inefficacious. Section 236, Title 7, Code 1940, contemplates written demurrers and rulings on oral demurrers are not reviewable on appeal. Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908, 116 A.L.R. 639.

We observe that the prayer of the petition prayed only for the issuance of an al-

ternative writ without praying that the court ultimately issue a peremptory writ and there was no prayer for general relief. See Miller v. Hillview Water Works Project, Inc., 273 Ala. 267, 139 So.2d 337.

For the reasons indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.