260 So.2d 589

## In re GUARANTY FUNDING CORPORATION

v.

**Honorable William D. BOLLING, as Judge of the Thirteenth Judicial Circuit of Alabama.**

**Ex parte Guaranty Funding Corporation.**

I Div. 693.

Supreme Court of Alabama.

April 6, 1972.

Jack W. Morgan, Mobile, for petitioner.

322

David L. Barnett, Engel & Smith, Mobile, Norman K. Brown, Bessemer, for respondent.

LAWSON, Justice.

This is a mandamus proceeding.

Guaranty Funding Corporation, a corporation, on June 29, 1971, filed in this court its petition for writ of mandamus to be issued to the Honorable William D. Bolling, as Judge of the Circuit Court of the Thirteenth Judicial Circuit of Alabama, Mobile County.

On August 16, 1971, this court made and entered the following order:

"Comes the petitioner, Guaranty Funding Corporation, a corporation, and presents its Petition for Writ of Mandamus to be directed to the Honorable William D. Bolling, as Judge of the 13th Judicial Circuit of Alabama, commanding him to vacate and set aside the decree entered by him on May 28, 1971 and to enter an order and judgment directing the writing up of a judgment in proper form overruling the petitioner's demurrers to the plaintiffs' Replication #2 in the case of Ben H. Johnson, Jr. and M. D. Johnson, Plaintiffs v. Guaranty Funding Corporation, a corporation, et al., Defendants, in the Circuit Court of Mobile County in Law #22706–G, and the Petition being argued and duly examined and understood by the Court,

"IT IS CONSIDERED that the Petitioner is entitled to the issuance of Alternative Writ of Mandamus.

"IT IS THEREFORE ORDERED that an Alternative Writ of Mandamus be issued by the Clerk of this Court to the Honorable William D. Bolling, as Judge of the 13th Judicial Circuit, commanding and directing him to vacate and set aside his decree entered May 28, 1971 in the cause of Ben H. Johnson, et al. v. Guaranty Funding Corporation, et al., in which the motion of the Guaranty Funding Corporation to amend nunc pro tunc a clerical·error or a mistake of the Clerk with respect to the judgment overruling Guaranty Funding Corporation's demurrers to plaintiffs' Replication #2 was denied; and to enter an order and judgment directing the writing up of a judgment in proper form overruling the Petitioner's demurrers to the plaintiffs' Replication #2 and directing the Clerk of the Circuit Court to spread such judgment on the minutes of the Circuit Court of Mobile County; or to appear in the

Supreme Court within 30 days from the date of the issuance of the Writ and show cause why the peremptory Writ should not be granted.

"NOW, THEN, in pursuance with the foregoing order, the Alternative Writ of Mandamus hereby issues to the Honorable William D. Bolling, as Judge of the 13th Judicial Circuit of Alabama, commanding and requiring him to perform the acts directed in the foregoing order or that he appear and show cause before the Supreme Court of Alabama within 30 days from this date why the peremptory Writ should not be granted."

On September 15, 1971, three pleadings were filed in this court on behalf of the respondent, Judge Bolling: (1) "Answer to Alternative Writ of Mandamus"; (2) "Motion to Quash Alternative Writ of Mandamus"; and (3) "Demurrer to Alternative Writ of Mandamus."

On December 8, 1971, the matter was argued and submitted.

Before we come to a consideration of the questions attempted to be raised by the pleadings mentioned above, we have concluded that it would be advisable to make some observations concerning the mode of procedure to be followed in mandamus cases.

■ The jurisdiction of a court to issue the writ of mandamus is invoked by the filing of a proper petition which is the first pleading.—§ 1072, Title 7, Code 1940; State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602; Shirey v. City Board of Education of Fort Payne, 266 Ala. 185, 94 So.2d 758.

■ The petition should clearly aver facts upon which the relief sought is based. Mere conclusions of the pleader are not sufficient.—State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433; Clark v. Beverly, 257 Ala. 484, 59 So.2d 810; Lewis v. Jenkins, 215 Ala. 680, 112 So. 205.

■ Where, as here, the petition seeks to compel official action, it is incumbent on the petitioner to show, by averments, as well as by proof, a specific legal right in the petitioner to have the act performed, and that the respondent is under a duty and has the authority to do the act.—State ex rel. Gaston v. Cunninghame, 216 Ala. 423, 113 So. 309; Kendrick v. State, 256 Ala. 206, 54 So.2d 442.

■ When a petition for mandamus shows a prima facie right it has been held proper to issue a rule nisi.—Bryce v. Burke, Probate Judge, 172 Ala. 219, 55 So. 635; Board of Education of Jefferson County v. State, 222 Ala. 70, 131 So. 239; Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880; Edge v. Bonner, 257 Ala. 385, 59 So.2d 683.

In our practice, certainly in recent years, the words "alternative writ of mandamus" and the words "rule nisi" have been treated as describing the same writ or order.—Ex parte Register, 257 Ala. 408, 60 So.2d 41; Bryce v. Burke, Probate Judge, *supra.*

[5, 6] Strictly speaking, they are not the same. The alternative writ of mandamus was originally regarded as standing in the place of the declaration in an ordinary action at common law. It was supposed to contain all the allegations necessary to call into action the power of the court.—§§ 449, 450, High's Extraordinary Legal Remedies, Third Edition, pp. 437, 438. In § 451, High's work, *supra,* p. 439, it is said:

"The alternative writ being, as we have seen, in the nature of a declaration at law, it is open to all the modes of pleading applicable to a declaration. Hence its allegations may be traversed, or may be confessed and avoided by alleging facts which go to avoid the effect of the writ, or they may be met by raising questions of law, upon the facts stated in the writ, by way of demurrer. . . ."

In Longshore, Judge, etc. v. State ex rel. Turner, 137 Ala. 636, 34 So. 684, Mr. Chief

Justice McClellan, writing for the court, said:

". . . In the first place, the alternative writ in *mandamus* is not process, merely, but both process and pleading. In strictness, it is the thing to be answered by the respondent, and it should therefore, by way of premises for and inducement to its mandate, set out the facts upon which the relator bases his right. This writ makes no pretense in that direction. Then the writ must alternatively command a thing to be done, or that the respondent should appear and show cause why a peremptory writ should not issue, commanding him to do that thing. In all cases the respondent has the right to do the act in question, and to an opportunity to do it or enter upon its execution, and make return of the fact in answer to the writ. It is only when and in the event he fails to perform the act that he must show cause against being compelled to perform. . . .

"If the answer to a proper alternative writ is [in]sufficient (that is shows no cause against the right to a peremptory *mandamus* asserted by the relator), it is unnecessary to demur to it or to move to quash it. The court will consider the case presented [f]or the relator on the petition and alternative writ, and for the respondent on his answer, determine the insufficiency of the answer, and award the peremptory writ without any challenge of the answer by motion or demurrer. If such motion or demurrer is interposed and sustained, it is only another way of determining the insufficiency of the answer, and by thus proceeding the respondent cannot be prejudiced.

"Of course, if the answer is sufficient—if it does show legal cause against the issuance of a peremptory writ, and its averments are not put in issue as now allowed by our statute—[§ 1073, Title 7, Code 1940] the writ will be denied and the proceeding dismissed.

. . ."

It is said of the word "nisi" in 66 C.J.S. at p. 596 as follows:

"*Nisi.* In Latin, unless. The word is often affixed, as a kind of elliptical expression, to the words 'rule,' 'order,' 'decree,' 'judgment,' or 'confirmation,' to indicate that the adjudication spoken of is one which is to stand as valid and operative unless the party affected by it shall appear and show cause against it, or take some other appropriate step to avoid it or procure its revocation."

The same description or definition of the word "nisi" is found in Black's Law Dictionary, Fourth Edition.

In 60 C.J.S. Motions and Orders § 20a, p. 33, it is said that a "rule nisi is one [order to show cause] which will become imperative and final unless cause be shown against it." It is different from an ordinary order to show cause which commands the respondent peremptorily, and not alternatively, to appear and show cause. The rule nisi affords the respondent the opportunity to perform the required act.

The character of a pleading is determined from its essential substance, and not from its descriptive name or title.—Union Springs Tel. Co. v. Green, 285 Ala. 114, 229 So.2d 503.

In the order which we issued in this case, we characterize it as an alternative writ of mandamus, but it is a rule nisi in that it does not set out the facts upon which the petitioner or relator bases his right.

The alternative writ and the rule nisi are the same in the respect that in each of them the respondent is ordered to do the specified act or appear and show cause why he has not done so. But they are not the equivalent of each other in all respects because, as previously shown, the true alternative writ should set out the facts upon which the petitioner or relator bases his right, while a rule nisi need not set out those facts.

We have frequently overlooked the distinction which we made above and have used language subject to no construction other than that an alternative writ and a rule nisi are identical in all respects. Illustrative is the following language used in Shirey v. City Board of Education of Fort Payne, *supra*:

". . . It is true that the petition itself has spent its force once the alternative writ or rule nisi is issued, and that the alternative writ or rule nisi then becomes the pleading to be answered by the respondents in their return. See Hughes v. State ex rel. Brewer, 252 Ala. 202, 40 So.2d 325; Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880. There is no requirement, however, that all the facts be set out in the alternative writ or rule nisi showing the duty of the respondents to perform the act. The two cases cited, supra, also cited by the appellants, do not so hold. Mandamus is commenced by a petition, and the petition constitutes the first pleading in the case. Kendrick v. State ex rel. Shoemaker, 256 Ala. 206, 54 So.2d 442." (266 Ala., 188, 94 So.2d, 760)

■ An examination of the original transcript shows that the order which was issued was a rule nisi, consequently the holding to the effect that all the facts need not be set out in the rule nisi was correct. But if the order had been of the kind usually issued at common law, a formal alternative writ of mandamus, then all facts should have been set out therein.— Longshore, Judge, etc. v. State ex rel. Turner, *supra*.

■ The overall effect of that holding in the *Shirey* case, *supra*, is that the more informal rule nisi is recognized in our practice. In Bryce v. Burke, *supra*, it is said: "The rule nisi serves the purposes of justice as well as would the more formal pleading contended for, and we see no sufficient reason for holding the precedent bad." (172 Ala., 228–229, 55 So., 638)

The writer of this opinion has authored opinions where it is said, in substance, that once the alternative writ or rule nisi is issued it becomes the pleading to be answered by the respondent, without distinguishing between the formal alternative writ and the more informal rule nisi.— Wyatt v. Parrish, 255 Ala. 145, 50 So.2d 424; Cooper v. Acuff, 279 Ala. 267, 184 So.2d 348. We have other cases to like effect.

It may be that the genesis of the statement found in several of our cases, including Shirey v. City Board of Education of Fort Payne, *supra*, to the effect that the petition for mandamus has spent its force once the alternative writ or rule nisi is issued, is to be found in the following quotation from Gainer v. Board of Education of Jefferson County, *supra*, where it is said: "The petition for [writ of] mandamus is the first pleading and if it shows a prima facie right to the relief sought, *it serves its purpose*, when the court orders the issuance of the rule nisi or alternative writ. . . ." (Emphasis supplied) (250 Ala., 258, 33 So.2d, 881)

■ When a rule nisi is issued the petition for mandamus has served its purpose or spent its force in so far as its probative force is concerned. Such is the effect of our holding in Cooper v. Acuff, *supra*, where the relator joined issue on the respondent's answer and sought to sustain the burden of controverting the averments of fact in the answer by introducing the sworn petition, including an affidavit made an exhibit to the petition. We held that: "This was not sufficient to meet the burden which was upon relators. To so hold would enable a relator to shift to respondents the burden which under our cases is upon the relator." (279 Ala. 271, 184 So.2d, 352)

But it is not correct to say that a petition for mandamus has served its purpose or spent its force as a pleading once a rule nisi is issued and that the rule

nisi is the only pleading to be answered since, as observed above, a rule nisi does not contain all the facts upon which the relator relies for relief. If the averments of the respondent's answer are directed alone to the rule nisi, there would be no facts for the respondents to admit, deny or confess and avoid.

We entertain the view that when a rule nisi is issued the respondent can interpose a motion to quash that rule if it is not in proper form or if the petition does not contain averments sufficient to make out a prima facie case for the issuance of the rule.

We have held that a petition for writ of mandamus being the first pleading, its sufficiency may be tested by demurrer.— Lewis v. Jenkins, *supra;* Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727; Lybrand v. Forman, 259 Ala. 354, 67 So.2d 4. In some of our cases so holding, the demurrer was interposed to the petition for mandamus after the rule nisi was issued. This is a recognition of the fact that we do not actually consider that the petition passes into limbo, so to speak, immediately upon the issuance of the rule nisi, despite some general statements to the contrary.

A respondent to whom a rule nisi is issued should give consideration to both the rule and the petition in his return and it matters not whether the return shows that it is addressed to one or to the other or to both. The return need be concerned only with the commands included in the rule nisi, although the petition may have sought additional commands.

The return should either deny the facts stated in the petition on which the petitioner's claim to relief is founded, or it should state other facts sufficient in law to defeat the petitioner's application. And these facts should be stated positively and distinctly and with such certainty that the court may be able to judge of them, and determine whether they form an excuse or justification sufficient in law or not.

This strictness of averment is needed because the factual allegations contained in a return made by a respondent to a rule nisi or to an alternative writ are taken as true unless issue is joined on the factual allegations by the relator, in which event the burden is upon the relator to controvert such allegations by competent legal evidence.—Cooper v. Acuff, *supra;* Ex parte Loyd, 275 Ala. 416, 155 So.2d 519.

In State ex rel. St. Peter's M. Baptist Church v. Smith, 215 Ala. 449, 111 So. 28, it was held that the answer of the respondent would be accepted as true to the extent it goes, but beyond that the court looks to the undisputed allegations of the petition. This holding was cited with approval in the case of Ex parte Cullinan, 224 Ala. 263, 139 So. 255.

We come now to a consideration of the petition filed in this case by Guaranty Funding Corporation; the rule nisi which was issued out of this court; and the answer, motion to quash and demurrer filed on behalf of Judge Bolling.

The petition averred in substance as follows:

Guaranty Funding Corporation, the petitioner here, was one of several defendants in a civil action for fraud filed by Ben H. Johnson, Jr., and M. D. Johnson in the Circuit Court of Mobile County.

After all parties had rested and prior to the trial court's oral charge, the plaintiffs filed in writing their Replication No. 2 to Guaranty Funding's written Plea No. 2, which set up the statute of limitations of one year. Thereupon Guaranty Funding, in open court, with the consent of the court and of counsel for plaintiffs, dictated into the record a demurrer containing fifteen grounds. The trial court, in open court, orally overruled the demurrer.

There was a verdict and a judgment in favor of the plaintiffs against Guaranty Funding and another defendant.

After its motion for new trial was overruled, Guaranty Funding appealed to this

court. A transcript of the record filed in this court does not contain such a judgment.

After the transcript of the record and the briefs were filed in this court, but before submission, Guaranty Funding filed in the Circuit Court of Mobile County a "Motion to Amend Clerical Error or Mistake of Clerk Nunc Pro Tunc," wherein it prayed that the court:

". . . enter an order and judgment directing the writing up of a judgment in proper form overruling this Defendant's [Guaranty Funding's] demurrers to the Plaintiffs' Replication No. 2, . . . and directing the Clerk of the Circuit Court to spread such judgment on the minutes of this Honorable Court, and for such other, further and different relief as the evidence in this cause may justify and as to Your Honors may seem mete and proper."

The aforementioned motion was denied by the Honorable William D. Bolling, one of the judges of the Circuit Court of Mobile County, after the parties had appeared before him in open court in regard to the said motion.

It was after Judge Bolling denied the last-mentioned motion that the petition for writ of mandamus was filed in this court by Guaranty Funding.

The rule nisi set out in the beginning of this opinion shows that the respondent judge was commanded and directed to perform two acts or show cause to this court why it should not issue a peremptory writ commanding and directing that those acts be performed.

The two acts involved are (1) the vacation of the decree denying Guaranty Funding's motion "to amend nunc pro tunc" and (2) the entering of an order or judgment directing the circuit clerk to write up a judgment to be spread upon the minutes of the court overruling Guaranty Funding's demurrer to the plaintiffs' Replication No. 2.

The respondent judge elected not to perform those acts and his reasons for not doing so are incorporated in the three pleadings to which we have heretofore referred, that is, the (1) "Answer to Alternative Writ of Mandamus"; (2) "Motion to Quash Alternative Writ of Mandamus"; and (3) "Demurrer to Alternative Writ of Mandamus."

In view of the statements contained in several of our cases, counsel for the respondent, Judge Bolling, no doubt felt constrained to address each of those pleadings to the "Alternative Writ of Mandamus," which, as we have heretofore indicated, was in fact a rule nisi, rather than to the petition for mandamus.

█ Under ordinary circumstances it would be perhaps in order to consider first the demurrer and motion to quash before giving consideration to the answer, but the answer does not contain a denial of any of the facts stated in the petition for mandamus, nor does it contain averments of other facts sufficient in law to defeat the petitioner's application. It follows that the averments of fact in the petition for mandamus as summarized above will be taken as true.—State ex rel. St. Peter's M. Baptist Church v. Smith, *supra*; Ex parte Cullinan, *supra*.

The answer actually is in the form of a demurrer and attempts to raise substantially the same legal questions or points as are sought to be raised in the demurrer and in the motion to quash. Consequently, we will treat the three pleadings together inasmuch as they do raise the same points.

The legal questions or points raised in these three pleadings can be grouped as follows:

1. Guaranty Funding has a plain and adequate remedy by appeal from the order

or judgment denying its motion to amend nunc pro tunc.

2. Oral demurrers are not permitted, hence Guaranty Funding is not entitled to a written judgment showing that the oral demurrer was overruled.

3. The circuit clerk did not owe a clear legal duty "to write up the overruling of an oral demurrer."

4. The failure of the circuit clerk "to write up and enter a formal judgment of the court overruling oral demurrers dictated into the record is not a clerical error or mistake within the meaning of Sections 566 and 567, Title 7, Code of Alabama, 1940 (recompiled 1958)."

5. The order of the respondent judge denying Guaranty Funding's motion to amend nunc pro tunc was not a ministerial act, but was a judicial function involving an exercise of judicial discretion.

■ Under our holding in Memphis & C. R. Co. v. Whorley, 74 Ala. 264, an appeal could have been taken by Guaranty Funding from the order or judgment of the trial court denying the motion to amend nunc pro tunc.

■ But an appeal would not have been an adequate remedy in view of the fact that the appeal in the main case is awaiting submission here on a determination of the question as to whether a proper judgment overruling the demurrer interposed by Guaranty Funding to plaintiffs' Replication No. 2 should be drawn up and placed on the minutes of the trial court.

■ We have said that the test as to whether mandamus will be issued now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of remedy by appeal.—Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, and cases cited.

■ It is the rule of our cases that the rulings of the trial court on oral demurrers will not be reviewed on appeal.—Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908; Cooper v. Acuff, *supra*.

■ Appellees take the position, as shown above, that the demurrer in question was oral. True, it was not written out in longhand. It could have been printed or typewritten, but it was not at the time it was dictated into the record.—Carter v. Tennessee Coal, Iron & R. Co., 180 Ala. 367, 61 So. 65. See Johnson v. State, 69 Ala. 593; Frazer v. State, 159 Ala. 1, 49 So. 245; Stuck v. Howard, 213 Ala. 184, 104 So. 500; § 2, Title 1, Code 1940.

The demurrer and the court's action thereon were later typewritten into the transcript of the "record and proceedings" by the court reporter from her stenographic notes.

It seems to us that the only reasonable interpretation to be placed on the proceedings leading up to the dictation of the demurrer into the record was that the parties, if not the court, were under the impression that the dictated demurrer should be treated as if it were then written or typewritten and that the court's action thereon as announced from the bench and recorded by the reporter would be tantamount to a written bench note from which a judgment could be entered on the minutes of the court.

Since we entertain the view that under the peculiar circumstances presented here the demurrer should be treated as a written, not an oral demurrer, the failure of the circuit clerk "to write up and enter a formal order" was a clerical error or mistake, which the trial court should have corrected under the authority conferred upon it by § 567, Title 7, Code 1940, which reads:

"The circuit courts, or courts of like jurisdiction may at any time within three years after the rendition of final

judgment, upon the application of either party, amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk or register, and may direct the writing up of any judgment, when the order for judgment was made at a previous time and the clerk or register had failed at such previous time to enter such judgment on the minutes of the court, when there is sufficient matter apparent on the record or entries of the court to amend by. No cause shall be reversed for such error or defect by the appellate court, unless the court of original jurisdiction refuses to make the amendment."

See Webb v. French, 225 Ala. 617, 144 So. 818; Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371.

In Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393, we recognized that a motion for entry of judgment nunc pro tunc is addressed very largely to the discretion of the court and should be granted or refused as justice may require in view of the circumstances of the particular case. But we cited Taber v. Wayne, 156 Mich. 652, 121 N.W. 481, in support of the statement that: "Refusal under some circumstances may be an abuse of discretion."

It is our opinion that the trial court in this case abused its discretion in not granting Guaranty Funding's motion to amend nunc pro tunc and in not directing the circuit clerk to enter an order or judgment in proper form overruling Guaranty Funding's demurrer to the plaintiffs' Replication No. 2.

In view of the foregoing, we are constrained to the conclusion that the peremptory writ of mandamus as prayed is due to be issued. It is so ordered.

Peremptory writ of mandamus granted.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.