WRIGHT, Presiding Judge.
This is a petition for writ of mandamus directed to the Honorable John D. Jolly of the Circuit Court of Franklin County. Linda Thompson Jackson seeks dismissal of a petition to modify a provision in a judgment of divorce ordering child support. The petition seeks modification, alleging that the husband is not the father of the child. The basis of the wife’s motion to dismiss is that the issue of paternity is res judicata. We grant the writ of mandamus.
Linda Thompson Jackson (wife) and Charles Thompson (husband) were divorced in 1974 after twelve years of marriage. One child, Sonja Carol Thompson, was born during the marriage. The divorce decree states, “It is further ORDERED, ADJUDGED and DECREED by the court that the Respondent [wife] shall have custody of the minor child bom during the marriage, Sonja Carol Thompson.”
In October 1981 the husband filed a paternity action in the Juvenile Court of Franklin County against the wife and child. The husband admitted in his complaint that the child was bom during the marriage, but denied that he was the father of the child. The wife submitted a sworn plea that the father of the child in question was Charles Thompson and submitted as proof a copy of the birth certificate which named Charles Thompson as the father of the child. She also submitted a copy of the divorce decree which stated that the child was born during the marriage. After a hearing, the court held that the statute of limitations had run on the issue of paternity and that the husband had acknowledged being the legal and actual father of the child. The court dismissed the paternity action. The husband appealed to the Circuit Court of Franklin County. The wife filed a motion to dismiss which stated that the statute of limitations had run on the matter and that the action was due to be dismissed because of the presumption of paternity arising from the divorce decree. The motion to dismiss was granted. No appeal was taken from the dismissal.
The husband moved to reinstate in 1983. The motion was granted. The wife moved to dismiss. After a hearing, the court dismissed the case, holding that the paternity action was due to be dismissed because of the presumption of legitimacy arising from the divorce proceedings and because the statute of limitations had run on the matter. No appeal was taken from that dismissal.
In September 1984, the husband filed a petition to modify the original divorce decree. The husband claims that the original divorce decree needs to be modified because he is not the father of the child. The wife and child filed a motion to strike and a motion to dismiss, alleging that the matter was res judicata, that the statute of limitations had run, and that the matter of paternity had been previously adjudicated. The court denied these motions and ordered blood tests to determine the paternity of the child.
After the court denied the motions and ordered blood tests, the wife filed a petition for writ of mandamus. The wife contends that the court’s order as to blood tests should be vacated and the petition for modification should be dismissed. She alleges that the issue of paternity has been settled due to the presumption of legitimacy arising out of the divorce decree, the prior adjudication of this matter, and that the statute of limitations has run.
The dispositive issue on appeal is whether the former determination of paternity is an absolute bar to a subsequent suit on the same cause of action.
The district court and the circuit court each dismissed the husband’s paternity action because the issue of paternity had been adjudicated in the prior divorce proceeding. [Phrases in the parties’ pleadings and in the divorce decree referring to the children of the marriage, constitute a determination of paternity.] The parents are thereafter precluded from disputing the paternity of the child in subsequent proceedings. Anonymous v. Anonymous, 473 So.2d 502 (Ala.Civ.App.1984); Soltis v. Soltis, 470 So.2d 1250 (Ala.Civ.App.1985); *145 State ex rel Snow v. Armstrong, [Ms. June 25,1986] (Ala.Civ.App.1986).
The purpose of the doctrine of res judica-ta is to provide an end to litigation. Owen v. Miller, 414 So.2d 889 (Ala.1982). The elements of res judicata are: the same parties, the same subject matter, and a judgment on the merits by a court of competent jurisdiction. First State Bank of Altoona v. Bass, 418 So.2d 865 (Ala.1982); Fowler v. Fowler, 455 So.2d 889 (Ala.Civ.App.1984). Once these elements are met, the former judgment becomes an absolute bar to any subsequent suit on the same cause of action. Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984).
The doctrine of res judicata clearly bars the husband’s attempt to have the child’s paternity adjudicated on the petition to modify. The petition to modify involves the identical facts, identical subject matter, identical parties, and was resolved by a final judgment of dismissal in the district and circuit courts. All of the elements of res judicata are met in this case. Therefore, we find that the trial court incorrectly ordered blood tests to be performed and should have granted the wife and child’s motion to dismiss and to vacate.
The husband contends on appeal that the petition for writ of mandamus is inadequate and insufficient. A petition for mandamus should clearly aver facts upon which relief sought is based. Guaranty Funding Corp. v. Bolling, 288 Ala. 319, 260 So.2d 589 (1972). The petition in this case clearly sets forth the facts upon which the relief sought is based.
The petition for writ of mandamus will issue, directing the dismissal of the petition to modify.
WRIT GRANTED.
BRADLEY and HOLMES. JJ., concur.