REL:  January 27, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

———————————————

### CL-2022-1228

———————————————

### Ex parte N.J.

### PETITION FOR WRIT OF MANDAMUS

### (In re: N.J.

### v.

### T.T.)

### (Houston Circuit Court, DR-22-364.01)

EDWARDS, Judge.

On November 1, 2022, N.J. mailed to the Houston Circuit Court ("the trial court") a request, pursuant to Ala. Code 1975, § 30-3B-305, to register a judgment entered by the District Court of Bell County, Texas,

on October 19, 2022 ("the Texas judgment"), pursuant to which she was named the "nonparent joint managing conservator" of N.T.C. ("the child"). The Texas judgment, which indicates that it was entered by default, also named T.T. as the "parent joint managing conservator" of the child. Pursuant to the Texas judgment, T.T. was permitted to "designate the primary residence of the child without regard to geographic location." N.J. was awarded specified visitation periods with the child, including one weekend per month, certain holiday visitation, and extended summer visitation.

Although T.T. filed no response to the request to register the Texas judgment, the trial court set the matter for a hearing, which was held on November 17, 2022. As N.J. correctly points out, registration of a sister state's judgment determining custody is accomplished without a hearing, unless a person contests the validity of that judgment order within 30 days of receiving the notice provided by the clerk's office upon its receipt of the request to register the foreign judgment, as set forth in § 30-3B-305(b), (c)(2), and (e). After the hearing, the trial court entered the following order on November 22, 2022:

"The matter before the Court is [N.J.'s] motion to register [the Texas judgment] concerning child custody entered October 19, 2022, in the District Court of Bell County, Texas. A hearing was held in this Court on November 17, 2022. [T.T.] was present as well as [N.J.] Both were pro se.

"Testimony was taken from the parties. [N.J.] is a Texas resident. [T.T.] is a resident of Houston County, Alabama, as well as the minor child. A Texas court already ordered that the child be returned to [T.T.]"

"After a telephone conference with Bell County District Judge Jack Jones, who issued the [Texas judgment] judgment, both judges are in agreement that this Court has jurisdiction. Alabama and Texas law disfavors a default judgment. Therefore, the [Texas judgment] is set aside. If the parties wish to pursue this litigation, one or the other must file a new Complaint in this Court. Otherwise, this case is hereby dismissed."

N.J. has filed in this court a petition for the writ of mandamus challenging the November 22, 2022, order entered by the trial court. Initially, she argues that the trial court had no ability to hold a hearing on the registration of the Texas judgment when T.T. had not requested a hearing on the validity of the Texas judgment. We agree. She further challenges the November 22, 2022, order insofar as it set aside the Texas judgment and declined to register that judgment. As she correctly points

3

out, the trial court had no basis upon which to set aside the Texas judgment.

> """Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"

Ex parte A.M.P., 997 So. 2d 1008, 1014 (Ala. 2008) (quoting Ex parte Perfection Siding, Inc., 882 So. 2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995)). "'[M]andamus is the proper remedy to vacate an order the trial court had no power to enter.'" Ex parte Lyon Fin. Servs., Inc., 775 So. 2d 181, 183 (Ala. 2000).

Section 30-3B-305 governs the registration of a child-custody determination that has been made by a sister state. In its entirety, § 30-3B-305 provides:

> "(a) A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the appropriate court in this state:
>
> > "(1) A letter or other document requesting registration;

4

"(2) Two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and

"(3) Except as otherwise provided in [Ala. Code 1975, §] 30-3B-209, the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.

"(b) On receipt of the documents required by subsection (a), the registering court shall:

"(1) Cause the determination to be filed as a foreign judgment, together with one copy of any accompanying documents and information, regardless of their form; and

"(2) Serve notice upon the persons named pursuant to subsection (a)(3) and provide them with an opportunity to contest the registration in accordance with this section.

"(c) The notice required by subsection (b)(2) must state that:

"(1) A registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this state;

5

"(2) A hearing to contest the validity of the registered determination must be requested within 30 days after service of notice; and

"(3) Failure to contest the registration will result in confirmation of the child custody determination and preclude further contest of that determination with respect to any matter that could have been asserted.

"(d) A person seeking to contest the validity of a registered order must request a hearing within 30 days after service of the notice. At that hearing, the court shall confirm the registered order unless the person contesting registration establishes that:

"(1) The issuing court did not have jurisdiction under Article 2 [of Chapter 3B of Title 30];

"(2) The child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under Article 2 [of Chapter 3B of Title 30]; or

"(3) The person contesting registration was entitled to notice, but notice was not given in accordance with the standards of [Ala. Code 1975, §] 30-3B-108, in the proceedings before the court that issued the order for which registration is sought.

"(e) If a timely request for a hearing to contest the validity of the registration is not made, the registration is confirmed as a matter of law and the person requesting

registration and all persons served must be notified of the confirmation.

"(f) Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration."

In her petition, N.J. states that she complied with § 30-3B-305 by mailing a letter requesting registration, three certified copies of the Texas judgment, "a statement under penalty of perjury that to the best of [her] knowledge and belief ... the [Texas judgment] had not been modified," her name and address, and the name and address of T.T. N.J. attached a copy of the letter, a certified copy of the Texas judgment, and the statement to her mandamus petition. N.J. also attached to her mandamus petition a copy of the certified mail receipt indicating that the trial-court clerk had received the package containing the request for registration of the Texas judgment on November 3, 2022. T.T. does not controvert N.J.'s assertion that she fully complied with the requirements of § 30-3B-305, and we therefore conclude that N.J.'s attempt to register the Texas judgment was completed properly. See Ex parte Turner, 840 So. 2d 132, 134 (Ala. 2002) (quoting Guaranty Funding Corp. v. Bolling,

7

288 Ala. 319, 327, 260 So. 2d 589, 596 (1972)) (explaining that the averments of fact in a petition for the writ of mandamus are taken as true when "[t]he answer does not contain a denial of any of the facts stated in the petition for mandamus, nor does it contain averments of other facts sufficient in law to defeat the petitioner's application").

N.J. asserts, and T.T. does not dispute, that T.T. did not file a motion in the trial court seeking a hearing on the validity of the Texas judgment. See Ex parte Turner, 840 So. 2d at 134. Had T.T. requested a hearing and challenged the validity of the Texas judgment on the ground that she had not received notice of the Texas proceedings, see § 30-3B-305(d)(3), the trial court could have entertained that argument at a hearing set for that purpose.[1] However, because T.T. never challenged the validity of the Texas judgment, the trial court acted outside its authority in holding the November 17, 2022, hearing, in failing to register

---

[1]In her answer to the mandamus petition, T.T. indicates that she was unaware of the Texas custody action. However, N.J. avers in her mandamus petition that, in September 2021, T.T. successfully sought a writ of habeas corpus returning the child to her custody pending resolution of the Texas custody action. In addition, materials from the Texas court appended to the mandamus petition indicate that T.T. was served with the petition in the Texas custody action.

the Texas judgment, and in setting aside the Texas judgment. Accordingly, we grant N.J.'s petition and direct the trial court to set aside its November 22, 2022, order and to register the Texas judgment as required by § 30-3B-305.

PETITION GRANTED; WRIT ISSUED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.