(131 So. 228)

## DAWKINS v. HUTTO.

### 4 Div. 528.

Supreme Court of Alabama.
Dec. 4, 1930.

Glover & Thornton, of Abbeville, and O. S. Lewis, of Dothan, for appellant.

W. O. Long, of Abbeville, and D. C. Halstead, of Headland, for appellee.

SAYRE, J.

Appellee, as administrator, acting under an order of the probate court, sold a parcel of land to appellant and reported the purchase money paid, whereupon the sale was confirmed and a deed executed to the purchaser. But in truth the purchase money had not been paid. Appellee had accepted a check on a bank at Abbeville, the county seat, and had deposited it for collection with the bank at Newville in his neighborhood; the check had been sent by the depositee to the Federal Reserve Bank in Atlanta, and before it had been returned to the drawee bank, the latter had failed, and appellee's check remained unpaid. Thereupon the administrator, averring the facts stated above in brief, filed the bill in this cause to enforce a vendor's lien upon the land in the possession of appellant. No heir of the deceased owner was made a party to the proceeding in the probate court, nor did any heir file his written consent that the land be sold. The decree in this cause, after evidence taken, granted the relief sought.

It is true that the court of probate has general jurisdiction of the sale of real estate for division among heirs or devisees, but since the Code of 1907 the statute (section 2621 of that Code; section 5849 of the Code of 1923) has attached to that jurisdiction the proviso in effect, that such jurisdiction shall be exercised only "when an adult heir or devisee files his written consent that the land be sold." In the proceeding in the probate court for the sale of the land here in question, there was no compliance with that provision of the statute to which we have referred. It follows as matter of course that the court had no jurisdiction to make the order of sale and that the sale vested no title in the purchaser. The order of the probate court was without its jurisdiction and in the circumstances of this case must be treated as a nullity. There is then no room for the operation of the principle on which equity will decree a vendor's lien. There need be no concern about the purchase price, for it was not paid.

Decisions of this court on the subject of the vendor's lien for the purchase price of land

bought under sale made by the probate court for division among heirs or devisees prior to section 2621 of the Code of 1907 have no authority at the present time in cases in which no heir or devisee joins in the petition for a sale nor files his written consent that the land be sold.

A judgment void for want of jurisdiction is open to contradiction or impeachment in a collateral proceeding. 34 Corpus Juris, 528, where numerous cases, Alabama cases among the rest, are cited.

The rule that the objection to a bill for want of proper parties is waived unless made by plea or demurrer does not obtain in a case which cannot be disposed of in the absence of such parties; in the last-named event, the objection may be made at the hearing, on error, or may be taken by the court ex mero motu. Prout v. Hoge, 57 Ala. 28.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.