293 So.2d 858

**In re Veda Dawn THOMPSON**

v.

**Bill THOMPSON.**

**Ex parte Bill THOMPSON.**

**Civ. 332.**

Court of Civil Appeals of Alabama.

April 24, 1974.

Love, Love & Lawrence, Talladega, for petitioner.

Turner & Turner, Tuscaloosa, for respondent.

BRADLEY, Judge.

This is an original mandamus proceeding.

On February 1, 1974 Bill Thompson filed in this court a petition asking for the issuance of the writ of mandamus to the Honorable James D. Buck, Judge of the Circuit Court of Tuscaloosa County, requiring him to recuse himself from the trial of the case styled Thompson v. Thompson, No. 19081, Circuit Court of Tuscaloosa County, assign another judge to hear the case, vacate his oral permission for the removal of the minor child, William Mark Thompson, from the state, enforce his previous written order requiring the child to be kept in the state of Alabama, and to grant temporary custody of the said child to petitioner pending the final outcome of case No. 19081 in the Circuit Court of Tuscaloosa County.

On February 6, 1974, after hearing, this court issued a rule nisi to the Honorable James D. Buck requiring him to show cause, if any he had, why the oral permission given by him for the removal of the minor child to the state of Florida should not be null and void and the written decree of August 17, 1973 requiring the child to be kept in the state of Alabama should not be in force and effect. On March 6, 1974 the Honorable James D. Buck made his return and answer to the rule nisi and petition. The return was addressed to the command set out in the rule nisi which is all that is required of it. Guaranty Funding Corp. v. Bolling, 288 Ala. 319, 260 So. 2d 589. In the return, respondent admits entering a written ex parte order on August 17, 1973 prohibiting the removal of the child from the state of Alabama pending further order of the court, and further admits giving oral permission for the child to be taken to the state of Florida by its mother until November 14, 1973, at which time the child was to be returned to Alabama for the taking of testimony in the case. The child was in court on November 14, 1973, at which time the respondent contends the record reflects that the parties entered into the following agreement:

"The parties have agreed that during the interim during which this case is continued from today, November 14 to the 29th day of January, 1974, visitation will be accomplished as follows: Mark, who is presently with his mother in Court here today, will remain in Alabama with his father until one week from Sunday at which time he is to be returned to his mother by his father in Orlando, Florida. I would suggest that change take place at or before 6:00 P.M. on that date. Between four and six, unless you are previously notified. The second visit will commence on the 27th day of December which, I believe, is a Thursday, and will continue until the Sunday following—the second Sunday following, at which time he will be returned to his mother in Orlando, again between four and six, unless she is notified in writing prior to that time. The third and final visit—that will take care of the visitation until the case will reconvene. . . . "

**434**

The child was present in court on January 29, 1974, the day set for the taking of further testimony. The case was called on January 31, 1974 and was continued generally due to absence of petitioner and his attorney. Respondent contends that the oral order is now null and void for that it was conditioned on the return to Alabama of the child for the November 14, 1973 hearing and the child was present in court on said day and further that the parties agreed for the child to be taken to Florida for the period from November 14, 1973 to January 29, 1974, at which time the child was to be in court—which it was—for the resumption of hearings on the petition to modify his custody, and that if any error was committed, it was cured by the return of the child to Alabama on the dates specified.

To respondent's answer and return to the rule nisi and petition, relator has filed a replication in which he states that on January 30, 1974, while in open court, he filed a motion for a speedy hearing on the petition to modify custody of the child in question and to retain the child within Alabama pending the outcome of said modification petition.

 The respondent admitted that he gave oral permission for the child to be removed from Alabama after the written order of August 17, 1973 requiring the child to be kept in Alabama so long as the child was returned to this state for the hearing on November 14, 1973. Furthermore, respondent avers that the parties agreed in open court on November 14, 1973 that the child could be taken to Florida so long as it was returned to Alabama for the hearing scheduled for January 29, 1974. Petitioner did not controvert this allegation. Where this is the case, it must be taken as true. Guaranty Funding Corp. v. Bolling, *supra*.

The pleadings reflect that the purposes for which respondent allowed the child to be removed from Alabama have been satisfied and those oral orders are now moot, which leaves the written ex

parte order of August 17, 1973, requiring the child to be kept in Alabama until the final determination of modification proceedings, to be in full force and effect, unless said order is sooner modified by proper proceedings. Should there be a violation of the existing written order, contempt proceedings would be available to the parties as a form of relief.

This court being satisfied of the mootness of the oral orders issued and the continuing validity of the written order, denies the writ of mandamus.

Writ denied.

WRIGHT, P. J., and HOLMES, J., concur.