314 So.2d 700

**STATE of Alabama ex rel. Oscar ZEANAH, as Chairman, et al.**

v.

**Norman J. BERGER et al.**

**Civ. 471.**

Court of Civil Appeals of Alabama.

June 11, 1975.

William J. Baxley, Atty. Gen., and William A. Golinsky, Asst. Atty. Gen., for appellants.

Pillans, Reams, Tappan, Wood, Roberts & Vollmer and Geary A. Gaston, Mobile, for appellees.

J. U. Blacksher and W. Clinton Brown Jr., Mobile, for James E. Buskey, amicus curiae.

WRIGHT, Presiding Judge.

This is an appeal from the refusal of a writ of mandamus.

This matter began by petition for writ of mandamus filed by the Attorney General on behalf of the State Tenure Commission. The defendants were the members of the Board of School Commissioners of Mobile County and the Superintendent of Education of Mobile County.

The petition averred that James E. Buskey had been employed in the school system of Mobile County as teacher and assistant principal for several years prior to August, 1973; that he had been appointed assistant principal at Toulminville High School in 1966 and had served in that position until July, 1972; that in July, 1972, Buskey had requested and been granted by the Board, leave for professional study for a period of one year; prior to the beginning of the 1973–74 school year Buskey requested appointment to a higher position in the system. Such appointment was not made; on August 24, 1973, Buskey received a letter informing him that he had been reassigned for the 1973–74 school year to the position of assistant principal at Baker High School; on August 27, 1973, Buskey filed a written request for hearing under Title 52, Sec. 356 of the *Code of Alabama (1940)* concerning his assignment to Baker High School; on September 4, 1973, the Board held a hearing with Buskey present and represented by counsel; but such hearing was stated not to be a hearing under Title 52, Sec. 356. The Board affirmed its assignment of Buskey to Baker High School; on September 11, 1973, Buskey gave notice of appeal to the State Tenure Commission; on October 3, 1973, the Tenure Commission heard the appeal and found that the Board had transferred Buskey without providing a hearing as required by Title 52, Sec. 356; the Commission ordered the Board to give Buskey such a hearing or certify the transcript of the hearing of September 4, 1973 and forward it for review of the Commission;

that the Board failed to comply with the order of the Commission; that on January 17, 1974, in response to a motion for relief by Buskey, the Commission ordered the Board to reinstate Buskey as assistant principal at Toulminville High School with back pay and that the Board comply with its order of October 3, 1973; that the Board had failed to comply with the orders of the Commission and mandamus was the only remedy available.

Rule Nisi was issued and the Board filed answer to the petition. In the answer the Board admitted that Buskey was granted leave until August 17, 1973, but stated the leave policy of the Board entitled Buskey upon return only to assignment in the system as an assistant principal and not to the same school. It was further alleged that Buskey requested assignment to a higher position upon his return but was approved only for reassignment as assistant principal at Baker High. He was notified of such assignment by letter on August 7, 1973, again by letter on August 17, 1973 and again on August 24, 1973. On August 27, 1973, Buskey requested a hearing under Title 52, Sec. 356 of the *Code* contending that he was transferred from Toulminville to Baker under Title 52, Sec. 355.

The answer further averred that Buskey was reassigned after leave rather than transferred; thus he was not entitled to hearing under Sec. 356. As he was not entitled to and did not receive a hearing under Sec. 356, he could not appeal to the Commission under Sec. 357.

The answer further stated Buskey, though serving as assistant principal since 1966, could not attain tenure as an assistant principal and therefore had no right to a hearing under Sec. 356.

The answer was amended to plead want of jurisdiction in the Tenure Commission to consider an appeal from the action of the school Board in rendering its orders of October 3, 1973, and January, 1974. It charged lack of jurisdiction because (1) there had been no transfer under Sec. 355

but only a reassignment after leave of absence, thus no right of appeal existed under Sec. 357; (2) notice of reassignment had been given on August 7, 1973, and more than 15 days elapsed before request for hearing was filed on August 27, 1973, thus time for hearing had run under Sec. 356; (3) appeal by Buskey was taken under Sec. 357 to the Tenure Commission. The order of January 17, 1974 was entered pursuant to an appeal under Sec. 361(9) which section was not enacted by the legislature until after the appeal was filed and no appeal was ever taken under Sec. 361(9).

■ The hearing on the petition and answer was held on September 20, 1974. Affidavit of Edward White, assistant superintendent, together with exhibits, was introduced. The averments of the answer were not contraverted by Buskey by joining issue or by presentation of evidence. The court denied mandamus. The averments of the answer therefore must be taken as true. If such averments are legally sufficient to overcome the allegations of the petition, mandamus is properly denied. *Guaranty Funding Corporation v. Bolling*, 288 Ala. 319, 260 So.2d 589. *Thompson v. Thompson*, 52 Ala.App. 432, 293 So.2d 858.

■ Appellant on this appeal submits that the trial court erred in considering the answer of the Board challenging the validity of the order of the Tenure Commission for want of jurisdiction. It is appellant's position that as the Board failed to appear and contest the appeal to the Commission and subsequently challenge its orders by petition for mandamus in the circuit court as provided by Title 52, Sec. 361, the Board cannot now challenge the jurisdiction of the Commission by way of answer to a petition for mandamus to require compliance with such orders. Appellant argues such challenge mounts to a collateral attack upon the order of the Commission.

Without deciding whether defending a petition for mandamus for enforcement of a judgment by pleading want of jurisdiction

is a collateral attack, we find no problem in holding that even in a collateral attack, lack of jurisdiction of the tribunal rendering the judgment void is available as a defense. *Dawkins v. Hutto*, 222 Ala. 132, 131 So. 228. *Hartigan v. Hartigan*, 272 Ala. 67, 128 So.2d 725.

We must consider the record together with facts admitted or facts established as true without objection, to determine if the Tenure Commission acted within its limited statutory power.

It is clear from the record before us that the Board assumed the position that when Buskey applied for and was granted a one-year professional leave of absence, he lost any right to the position as assistant principal at Toulminville High School which he had occupied since 1966. The Board says that such right was lost because of the policy of the Board in granting such leaves.

Title 52, Sec. 361(3) states in pertinent part as follows:

"Leave of absence for a period of one year for good cause may be granted to a teacher by the employing board of education without the impairment of the continuing status of a teacher; . . . ."

A teacher with continuing status may not be transferred from one position, school or grade to another without the compliance by the Board with Title 52, Sections 355 and 356. Conditions for granting leaves of absence may not be established by a board of education which abrogates the rights or protection of the teacher with continuing service status provided by Sec. 355. This is plainly stated in the above quoted portion of Sec. 361(3). The granting of leave for good cause other than for entering military service in time of war is discretionary. However, if such leave is granted the right of the teacher continues as if he were in regular employment. His rights of continuing status are not affected. He is entitled, upon completion of leave, to return to the school and position occupied when leave was granted unless transferred under the provisions of Sections 355 and 356, policies of the Board to the contrary notwithstanding.

Therefore, Buskey, upon returning from leave could not be reassigned or transferred from the position of assistant principal at Toulminville High School without the notice of intention to transfer as provided by Sec. 355. The Board by its answer admits that notice of intention to transfer was never in fact given nor ever intended to be given. The requirement of such notice is denied by the Board. Its position is that no transfer was made but only a reassignment according to policy.

The Board further says that compliance with Section 355 was not required because Buskey had no continuing service as an assistant principal, though it admits he had continuing status as a teacher. Whether Buskey had continuing service status as an assistant principal does not have to be decided in this case. He had continuing service as a teacher in a position, school or grade and could not be transferred to another without notice of intention to transfer and an opportunity for hearing. Title 52, Sections 355, 356, *Code of Alabama (1940)*.

The further contention of the Board that the letter of August 7, 1973, notifying Buskey of his reassignment should be considered as notice of transfer required by Sec. 355 and that when Buskey failed to request a hearing within 15 days as required by Sec. 356, the reassignment or transfer became final is not valid. Such letter, though not in the record, was admittedly not notice of intention to transfer but was notice of a completed reassignment. Its stated purpose was merely to inform.

The same intent and function was true of the subsequent letters to Buskey of August 17, and August 24. However, Buskey chose to request a Sec. 356 hearing in response to the letter of August 24. The purpose of Sections 355 and 356 is clearly

for protection of the teacher; therefore, we ascertain no reason why the teacher could not waive the statutory requirement of Sec. 355 as to form. The effect of the letters was a transfer and Buskey was within his right to request a hearing.

In response to his request a hearing was held which is stated by the pleadings of the Board to have fully complied with the requirements for a hearing under Sec. 356, and by reference, Sec. 359. The hearing was public at the request of Buskey. He was represented by counsel. Witnesses were subpoenaed, examined and cross examined. Documentary evidence was introduced and counsel argued the evidence and law before the Board. The Board then considered the matter and entered a finding of fact and stated its reasons for its action, even to stating that the *reassignment* was not for personal and political reasons and that it was made without loss of status—all as required by statute for a transfer of a teacher with continuing service status. The position of the Board then and now, however, was that such hearing was granted not to comply with statutory requirements but merely to allow Buskey the privilege of having his say and to make him feel better about the whole thing. The only logical inference from this position is that the hearing meant nothing so far as the Board was concerned. Its decision was already made and the hearing was not actually for the purpose of reconsideration of that decision.

As we said in regard to the letters, we do not consider the intent and purpose of the Board in providing the hearing in this instance material. Procedurally it complied with the requirements of the statute. Buskey considered it as a hearing under the statute. Such hearing was for his benefit and he waives any procedural faults therein. We hold that the Board cannot give and then take away. The hearing and decision of the Board rendered thereafter meet all requirements of the statute. Therefore, appeal could properly be taken

therefrom to the Tenure Commission under Title 52, Sec. 357 for its review.

An appeal was properly taken by Buskey on November 11, 1973. In pursuance of its duty upon notice of appeal, the Tenure Commission on September 13, 1973, notified the Superintendent of Education of Mobile County of the appeal and the setting of its hearing thereon on October 2, 1973. The commission further requested official copies of the transcript of the hearing before the Board be forwarded according to statute.

The Board responded by stating its position that there had been no transfer, no right to a hearing, no hearing under Sec. 356 and consequently no right to appeal to the Tenure Commission under Sec. 357.

The Commission, through its secretary, Dr. Paul Hubbert, replied, stating it had consulted its counsel and that the hearing was rescheduled for October 3, 1973. It further stated that counsel advised that if no hearing had been held under Sec. 356, the Commission was authorized to consider the matter under Act 1079, effective September 17, 1973, as an appeal where a hearing had been denied as required by Sec. 356. It requested forwarding of letters, memoranda or other matter in possession of the Board relating to the case.

Counsel for the Board responded with a long letter again explaining its version of the matter and charging lack of jurisdiction of the Commission to consider an appeal under either Sec. 357 or Act 1079 (Sec. 361(9)). It contended that the Commission could not consider the matter as an appeal under Act 1079 because the appeal was not originally brought under that act but under Sec. 357. Further, Act 1079 was not enacted until after the action of the Board and subsequent to the filing of the appeal by Buskey. The Board appeared by counsel at the hearing held by the Commission on October 3, again insisting lack of jurisdiction of the Commission.

The Commission entered an order directing the Board to hold a hearing under Sec. 356 or to certify to the Commission for its review a transcript of the hearing of September 4, 1973. No further action was forthcoming from the Board in relation to the order of the Commission.

On January 17, 1974, in response to a motion for temporary relief from the refusal of the Board to comply with its orders of October 3, 1973, the Commission entered an order directing Buskey be reinstated as assistant principal at Toulminville, be paid salary from January 2, 1974, and that the Board comply with its order of October 3, so that the appeal might be completed and findings of the Commission entered therein. The Board, failing to comply with either order of October 3, 1973 or January 17, 1974, the Attorney General brought mandamus on behalf of the Tenure Commission to enforce compliance of the Board with its orders.

We find that Buskey had continuing service status as a teacher and that the action of the Board in reassigning him to another school was in fact a transfer within the meaning of Title 52, Sec. 355 of the *Code*. Buskey was entitled to notice of intent to transfer from the Board. The letters of August 7, August 17, and August 24, 1973 were defective as such notice. However, Buskey could waive such defect and did so by requesting a hearing under Sec. 356 within 15 days of the letter of August 24, 1973. Though the Board denied that Buskey was entitled to a hearing under Sec. 356, it, in fact, held a hearing, completely satisfying the procedural and substantive requirements of Sec. 356. We therefore hold that in the absence of any objection by Buskey to such hearing, the judgment and decision rendered by the Board after such hearing complied with the requirements of the statute and was appealable to the Tenure Commission under Sec. 357.

We further hold that the Tenure Commission had jurisdiction of such appeal and properly directed the Board to certify a transcript of the hearing for its review. It was the statutory duty of the Board to comply with such order. Refusing to carry out such duty, mandamus by the Commission was a proper remedy to enforce compliance. The answer of the Board not being legally sufficient as a defense to the allegations of the petition, the court erred in denying the issuance of the writ of mandamus. The teacher tenure act is remedial in nature and is to be liberally construed to serve its intent. *Board of Education v. Baugh,* 240 Ala. 391, 199 So. 822.

Whether the Commission may properly consider the appeal under Act 1079 is not necessary to decide. Neither do we need decide the authority of the Commission to issue its order of January 17. We have decided that an appeal is properly before the Commission under Sec. 357. That section provides that no transfer is effective pending the appeal and until the Commission has approved the transfer.

This cause is reversed and remanded with direction that the writ of mandamus issue, directing the Board of School Commissioners of Mobile County to forward to the Alabama State Tenure Commission the transcript of the proceedings of the hearing of the Board of October 3, 1973, as required by law.

Reversed and remanded with directions.

BRADLEY and HOLMES, JJ., concur.

HOLMES, Judge (concurring specially).

I concur in the opinion by the majority. I would additionally hold that Buskey did attain tenure as an assistant principal. I interpret Tit. 52, §§ 351 and 352, Code of Ala. 1940, as being sufficiently broad enough to allow one to attain continuing service status as an assistant principal.