[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 727 
A regular meeting of the Mobile County Board of School Commissioners, appellees here, was held on June 26, 1974. At that meeting the Board entertained administrative recommendations submitted by the acting superintendent. Among these recommendations was the transfer of James E. Buskey from assistant principal at Baker High School to assistant principal at Williamson High School. This recommendation was approved by unanimous vote of the quorum present at the meeting.
On June 28, 1974 the following letter was mailed to Buskey by Edward L. White, assistant superintendent in charge of administration:
"Dear Mr. Buskey:
 "This letter comes to you as a matter of information concerning your assignment for the 1974-75 school year. The division of Administration with staff consultation has recommended to the Superintendent of schools of Mobile County that you should be transferred from the assistant principalship of Baker High School to the assistant principalship of Williamson High School.
 "The Board at its meeting on June 26, 1974 effected the transfer based on the Superintendent's recommendation which was reported to the Board by the Acting Superintendent at that time.
 "This recommendation for transfer to Williamson was made on the following bases:
 "1. The projected enrollment for Baker High School for the 1974-75 *Page 728 
school year is less than 1500, thereby negating under Board policy the position of a second assistant principal.
 "2. The training which you had according to your attorney's statement at the University of Colorado was in the area of Human Relations and inner-city schools. The said school is an inner-city school and, therefore, meets some of the stated concern about last year's assignment.
 "3. The fact that you did not function as assistant principal by working at Baker High School last year.
 "4. The administration feels that you can serve in a satisfactory way at Williamson High School.
 "I hope that you will find this move to be one which is satisfactory and fulfilling for this year."
On July 9 Buskey's lawyer wrote the president of the Board of School Commissioners informing him that the transfer was illegal. Among the objections raised in that letter was an allegation that the transfer was not in compliance with the procedural provisions found in Title 52, Sections 355 and 356, Code of Alabama 1940. These provisions require that the transfer of any teacher who has continuing service status cannot be accomplished without sending that teacher notice of intent to transfer. According to Buskey's lawyer, this procedure was not satisfied by the letter notifying him that the transfer had already been effected. The letter concluded with a demand for a hearing before the Board pursuant to Section 356.
The demanded hearing was held on July 24, 1974. Buskey appeared through his lawyer, not in person. At the conclusion of the hearing, the Board approved and affirmed the transfer to Williamson High Schools. This action was appealed by Buskey to the Alabama State Tenure Commission, appellants here. On September 27, 1974 the Tenure Commission ruled solely on the issue that the Board had failed to comply with the Alabama Code's procedural requirements by failing to notify Buskey of the intent to transfer. Holding that this failure constituted a denial of due process, the Tenure Commission ordered Buskey reinstated at his former position.
Pursuant to Title 52, Section 361, Code of Alabama 1940, the Board sought review of the Tenure Commission's ruling by petition for mandamus in the Circuit Court of Mobile County. On August 18, 1975 the circuit court found the Tenure Commission's action unjust and issued a peremptory writ directing the vacation of the order of September 27, 1974. It is from this writ that the appeal is taken.
As noted above, the Tenure Commission's opinion addressed itself only to the matter of procedural due process. Our review must therefore necessarily confine itself to this subject matter. The amicus curiae briefs filed in this case suggest that events with serious ramifications have occurred since the transfer was originally ordered. Such events are not evidenced in the record before us, nor were they placed before the Tenure Commission or the circuit court in conjunction with matters which are of record. After careful consideration, this court has determined that this appeal is not an appropriate vehicle for the adjudication of legal interests affected by those events. The present appeal must be, and is, limited to a review of the action taken by the circuit court regarding the contents of the Tenure Commission's order of September 27, 1974.
The circuit court's peremptory writ of mandamus found that the overall record showed that Buskey had been afforded all the elements of due process by the Board, and that the Tenure Commission's finding must be set aside. In their arguments on appeal the Commission disputes the finding that Buskey did receive due process at the hands of the Board, and thus insists that the September 27 ruling was correct. After consideration of all the *Page 729 
arguments and the record, we affirm the circuit court.
It is the Tenure Commission's contention that the action of the School Board in its meeting of June 26, 1974 was in effect the completed act of transferring the teacher. Clearly that action took place before notice of any kind was sent to Buskey. If the Tenure Commission is correct on this issue, then Buskey's statutory due process rights were inherently violated.
The circuit court, however, held that the vote of June 26 was action in compliance with the statute because Section 356 implicitly requires the Board to arrive at and determine its intent before notice can be given. We concur.
To construe the statute otherwise is to say that notice of intent to transfer must be sent before the requisite intent is formulated. This proposition is untenable. Title 52, Section 356, provides that an intended transfer automatically becomes final fifteen days after receipt of notice, if the transferee does not request a hearing. By thus creating the possibility that any intended transfer might become final without further proceedings, the statute demands that the Board deliberate on any proposed transfer and commit itself to what it views as the best action for the school system prior to mailing any notice. That is what apparently occurred on June 26.
There is an uncertain line between the articulation of intent in compliance with the statute and impermissible finalization of transfer by a similar-appearing action. Whether the boundary of proper action has been transgressed in this case cannot be determined by examining only the meeting of June 26. The entire sequence of events must be reviewed. The letter of June 28, 1974 did not purport to be notice of intent to transfer Buskey; on its face it was notice for information purposes only that Buskey had been transferred. This letter does reinforce the inference that the Board considered its June 26 action final. Nevertheless, the inference, not rendered conclusive by the language of this letter, was effectively dispelled by subsequent events.
On July 9, 1974 Buskey requested through his attorney a hearing on the transfer. The Board granted the request, and the hearing was held on July 24.
In State ex rel. Zeanah v. Berger, 55 Ala. App. 246,314 So.2d 700, this court held that the same type of defect in notice as that present here is waived by the teacher's request for a hearing. Where the hearing is subsequently held without objection on the teacher's part, the substantive and procedural requirements of Sections 355 and 356 are satisfied. The authority of Berger supports the circuit court in the instant case.
The brief for the Tenure Commission argues that the present case is distinguishable from Berger because here Buskey explicitly preserved his objection to the defect in notice while requesting the hearing. This argument is without merit.
The right to request a hearing before the employing Board is governed by statute. Section 356 provides for such a right only after receipt of a notice of intent to transfer. No similar hearing is provided if the Board sends out an illegal notice of final transfer, as occurred here. In such a case, Title 52, Section 357 provides for appeal of the improper final transfer decision directly to the Tenure Commission; no hearing before the employing Board is contemplated. Under the statutory scheme Buskey should have gone directly to the Commission.
However, Berger allows the teacher to waive this procedure, treat the defective notice as proper notice of intent to transfer, and request a hearing from the Board. It is absolutely essential to the basis of *Page 730 
the right to go to the Board rather than to the Commission that the teacher has elected to treat the notice received as proper notice. The choice of forum, not mere formal expressions in a letter, constitutes the waiver.
There is one additional point which must be discussed before disposition of this case. The trial court's peremptory writ recites several findings not supported by the record. These include inaccurate findings that Buskey was present at the July 24 hearing, that he offered testimony in his own behalf, and that his attorney examined and cross-examined witnesses. The correct facts are: the teacher was not present but appeared through his attorney; the attorney produced no witnesses but submitted documentary evidence; the attorney neither examined nor cross-examined anyone, although several persons who presented evidence in support of the Board were present and available for cross-examination; the attorney orally argued Buskey's case.
Attorneys for the Tenure Commission argue that this factual inconsistency necessarily implies that the circuit court took oral testimony, or otherwise considered non-record evidence. If this is true the peremptory writ must be set aside, because a proceeding in mandamus under Title 52 must not be a trial de novo, Lamar County Board of Education v. Steedley, 45 Ala. App. 672, 236 So.2d 337; Greene v. Washington County Board ofEducation, 45 Ala. App. 216, 228 So.2d 829.
There is nothing presented to support the Commission's position other than the faulty finding in the peremptory writ. The recital in the judgment that the findings were based entirely on consideration of pleadings, briefs of parties, and the administrative record before the Tenure Commission is conclusive, Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293,175 So. 269.
We thus perceive the inaccuracy in factual finding below to be harmless error. The essential elements of due process are not that the teacher must personally appear, nor that teacher's counsel must examine or cross-examine witnesses, but that the teacher be afforded opportunity to do these things, Board ofEducation of Choctaw County v. Kennedy, 256 Ala. 478,55 So.2d 511. The record shows that Buskey was given this necessary opportunity, and the inaccuracies in the circuit court's holding are not inconsistent with any facts material to this determination; they merely reflect a mistake of fact in an area beyond what was necessary to reach the correct decision. Such error is not grounds for reversal.
There also exists a matter of appellate procedure to be resolved. On December 30, 1975 teacher Buskey was granted leave by this court to file an amicus curiae brief. The brief was filed on January 13, 1976. On February 18, 1976 appellee's brief was filed. Thereafter, on February 27, 1976, Buskey filed a "Reply Brief of Amicus Curiae" without requesting further leave of this court to do so. Appellee has moved for an order striking that reply brief on the grounds that the Alabama Rules of Appellate Procedure (ARAP) do not authorize such a brief.
The Committee Comment to Rule 29, ARAP, indicates that in most cases the amicus curiae brief is a form of adversary intervention in support of one of the parties to the appeal. Under Rule 29, ARAP, this court's grant of leave to file is made only after consideration of the reasons why such a brief is desirable. Any such consideration necessarily reflects upon the degree of identity between the amicus and the party on whose support the amicus curiae brief is offered. We therefore interpret our order granting leave to file an amicus curiae brief to mean that the amicus has leave to file those types of brief which the ARAP authorizes to be filed, in the same time and circumstances, by the party, if any, with whose position the amicus identifies. *Page 731 
Here the amicus curiae obviously identifies with the appellant. Under the circumstance that existed on February 27, 1976, appellant was entitled to file a reply brief, Rule 28 (c), ARAP. Our order thus entitled Buskey as well to file a reply brief. The motion to strike is overruled.
In light of the above, the opinion of the circuit court is affirmed.
MOTION TO STRIKE OVERRULED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
 ON REHEARING
The Tenure Commission asks this court to reconsider a portion of our holding, based on State ex rel. Zeanah v. Berger,55 Ala. App. 246, 314 So.2d 700. The Commission questions whether we were correct when we stated that teacher Buskey's appearance through counsel at a hearing of the School Board, after a request for same explicitly preserving objection to notice defects, waives the objection. This question deserves an answer in light of the Commission's citation to Whittington v. BarbourCounty Board of Education, 250 Ala. 692, 36 So.2d 83.
We feel that there are three cogent reasons why the cited case does not invalidate our main opinion.
First, the Whittington decision dealt with cancellation of a teacher's contract under Title 52, Section 359 (previously numbered Section 357). The present case deals with a transfer, not a cancellation, and is governed by Sections 356 and 357, which contain distinct procedural provisions.
Second, there have been major substantive changes in Title 52 since the Whittington decision was rendered. Most important of these is the very creation of the State Tenure Commission, which took place in 1959. At the time of the Whittington case in 1948, there was no Commission, and thus no choice of alternative forums available to a teacher such as exists now. It is the existence of such a choice which allows the election of one alternative over the other by means of waiver.
Third, even if the two important distinctions noted above are overlooked, it is impossible to deny that Whittington is inapposite to the case before us. In the cited case, a teacher achieved continuing service status on May 22, 1948. Prior to that date, on April 29, 1948, proceedings to cancel her contract were commenced by mailing her a letter of notice. The sequence of events which followed included the teacher's requests for hearing, for a statement of charges, and for a continuance of hearing until May 23. All aspects of the school board's proceedings against the teacher conformed precisely to the requirements of the applicable Code provision, except that the proceedings were commenced before the teacher achieved continuing service status. On May 23, one day after achieving such status and before the hearing, the teacher objected to further proceedings. The supreme court held that the teacher's previous requests had not waived any procedural defects.
In deciding that case the supreme court did not hold, as appellant argues, that formal defects in notice cannot be waived. Indeed, the notice given in that case was formally correct, thus presenting no question as to the effect of formal defects. What that case did say was that a teacher whose statutory procedural rights accrued on a given date could not waive those rights by taking part in proceedings held prior to the date the rights accrued. Stated in that manner, the holding is unquestionably a wise one. *Page 732 
The facts in the present case allow no room for application of the Whittington decision. Here, the teacher has been on continuing service status from the outset of the case, and for sometime prior thereto. Nothing in Whittington leaves the present waiver ineffectual.
Another matter presented for our consideration is the identity of the exact provision of Title 52 upon which we, in our main opinion, base the statement that the teacher could have appealed directly to the Tenure Commission, rather than request a hearing from the School Board. Both parties are in apparent agreement that this court was relying on Section 361 (9), and that our citation to Section 357 was a clerical error.
Section 357 is the correct citation. That section provides for the teacher's right to appeal final school board action to the Tenure Commission. The letter mailed to Buskey on June 28, 1974, standing alone, gives the appearance of final action, as noted in the main opinion. Without requesting a hearing from the Board, Buskey could have treated this as the "decision of the employing board" for purposes of Section 357. Appeal to the Tenure Commission from that decision is clearly provided for in Section 357. The Commission could then decide immediately whether or not the decision had been made in compliance with Title 52, Section 356.
If, on the other hand, Buskey had requested a hearing from the employing Board, and this request had been denied, Title 52, Section 361 (9) would be applicable.
Neither of those scenarios occurred. Rather than going directly to the Tenure Commission when the opportunity presented itself, Buskey went instead before his employing Board, which granted his request for hearing. The result of this is adequately reviewed in our main opinion.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.