This is an appeal from the grant of a writ of mandamus by the Circuit Court of Franklin County. The petition for writ of mandamus was brought by appellee, Franklin County Board of Education, to review the action of appellant, the State Tenure Commission, in overruling the decision of appellee to transfer a teacher from one school to another within the Franklin County system. We reverse.
Mrs. Ruby S. Bradford was employed by the Franklin County Board of Education (hereinafter Board) during the school year 1974-75 as a classroom teacher at the East Franklin Elementary School. She was at that time a tenured teacher with the Board and held continuing service status under the Teacher Tenure provisions of Chapter 13, Title 52, Code of Alabama 1940 (Recomp. 1958).
At a regular meeting of the appellee Board held on April 25, 1975, the Board considered and approved the recommendation of the principal of East Franklin Elementary School that Mrs. Bradford be placed in another school for the next school year. Mrs. Bradford was informed in a letter from the superintendent of the appellee Board dated April 28, 1975 that the trustees of East Franklin Elementary School had requested that she not return to her responsibilities at the school. On May 13, 1975 she was told that she had been assigned to Tharptown Junior High School for the following school year; no reason was given for the transfer.
Mrs. Bradford duly objected to the transfer and requested a hearing. She was notified that a hearing would be provided, and that she could be represented by counsel, but that she would have to pay the cost involved in obtaining and serving subpoenas to have witnesses testify in her behalf. This notice did not state the Board's reasons for the transfer, nor was Mrs. Bradford ever provided with such reasons before the hearing.
The hearing before the Board was held on May 30, 1975. Mrs. Bradford appeared in person and was represented by counsel but did not present witnesses to testify on her behalf because of the expense involved. After refusing several offers by the Board to continue the hearing so that she could obtain witnesses at the Board's expense, Mrs. Bradford's attorney sought to ascertain the reasons for her transfer "so that we will be advised as to how to conduct this hearing." The principal of the East Franklin Elementary School was called as an adverse witness to determine the nature of the reason for her transfer; no other witnesses were called on her behalf and she did not testify. At the conclusion of the hearing, the Board voted to uphold Mrs. Bradford's transfer to Tharptown Junior High School.
Mrs. Bradford appealed the Board's action to the State Tenure Commission. The Commission overturned the Board's decision on the ground that it violated the provision of Title 52, § 356, Code of Alabama 1940 (Recomp. 1958) requiring that a teacher being transferred be furnished the reasons for the proposed transfer within five days of the hearing.
The Circuit Court of Franklin County, in granting the Board's petition for writ of mandamus from the Tenure Commission's ruling, found that any defect in notice was waived by Mrs. Bradford's appearance at the hearing on May 30th and her refusal of the Board's offer of a continuance.
The questions presented for decision by this appeal are whether a teacher contesting a proposed transfer under Title 52, § 356 can waive that statute's requirement that the employing board furnish such teacher with a written statement of reasons for the proposed transfer at least five days prior to the hearing, and if so whether Mrs. Bradford waived that requirement by refusing the Board's offer of a continuance *Page 189 
and proceeding with the hearing. We hold that a teacher contesting a proposed transfer under Title 52, § 356, Code of Alabama 1940 (Recomp. 1958) cannot waive the requirement that she or he be given a written statement of the reasons for the proposed transfer. Thus, we do not reach the second issue.
Title 52, Sections 355 and 356, set forth the procedure which must be followed by a school board in transferring a tenured teacher and by the teacher in contesting the transfer. Section 355 provides that the school board must give the teacher written notice of its intent to transfer the teacher. Section 356 provides that after receiving notice of the board's intent to effect a transfer, the teacher may request a hearing before the board. If the teacher does request a hearing, then the statute further requires:
 "At least five days prior to the hearing the board shall furnish to the teacher by mailing by United States registered mail with postage prepaid thereon to said teacher's last known address the time and place of said hearing and the reasons for the proposed transfer." (Emphasis added.)
The statutes speak of different kinds of notice, namely notice of intent by the board to transfer, notice of the time and place of the hearing before the board, and notice of reasons for the transfer. This court has held that because the purpose of sections 355 and 356 is to protect the teacher, the statutory requirements as to form may be waived, State ex rel. Zeanah v.Berger, 55 Ala. App. 246, 314 So.2d 700 (1975), and that the substantive and procedural requirements of both statutes are nonetheless met, Alabama State Tenure Commission v. Board ofSchool Commissioners, 57 Ala. App. ___, 332 So.2d 724. We did not intend the broad language of these decisions to encompass all of the notice provisions contained in the two statutes.
Both Berger and Board of School Commissioners involved the same transfer incident. There a teacher was notified by the school board that he had been reassigned to a different school. This court rejected the board's contention that the notification of reassignment should be treated as notice of transfer required by section 355, but held that the teacher's demand for a hearing before the board and his subsequent attendance and participation at the hearing constituted a waiver of the defective notice. These two cases hold only, with regard to waiver, that where the board has sent a defective notice of intent to transfer, the teacher may waive the defect by requesting a hearing before the board pursuant to section 356. In such instance it is clear that the teacher has not been harmed by the defect since he or she has received the information that the notice is intended to convey, i.e., that the board contemplates a transfer of the teacher, and has a full opportunity to contest the transfer under the procedure provided by section 356.
However, the requirement that the board must state in writing its reasons for the transfer is notice of a much different nature. The purpose of this notice is to preserve the fairness of the hearing itself. It should not need stating that the right to a hearing includes not only the right to present evidence, but also a reasonable notice of the claims to be considered at the hearing. Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773,776, 82 L.Ed. 1129 (1938); Dark's Dairy v. Alabama State MilkControl Board, 278 Ala. 693, 703, 180 So.2d 527 (1965).
The purpose for the requirement under § 356 that notice of reasons for transfer be given is to allow the teacher to examine witnesses and offer testimony in order to test the truth and validity of the reasons, and to determine whether such reasons serve a legitimate or reasonable administrative purpose or whether they are an abuse of administrative discretion and thus arbitrary and unjust. Tenure Commission v. Anniston City Board ofEducation, 57 Ala. App. 198, 326 So.2d 760, 762 (1976). Otherwise, the hearing is a meaningless formality without substance. *Page 190 
The kind of notice of reasons that is required under section 356 is the same as that in section 359 of Title 52, governing the mode of cancellation of employment contracts, namely a statement in writing detailing the reasons for the proposed board action. Although this court has recognized that the legislature did not intend that teacher transfers and cancellations be treated alike,DeCarlo v. Tarrant City Board of Education, 52 Ala. App. 220, 224,291 So.2d 155 (1974), there is no distinction with respect to the requirement that the teacher be told of the reasons for the board's action. That contention was put to rest in TenureCommission v. Anniston City Board of Education, supra, where the court rejected the school board's contention that because of the differences in section 355 (pertaining to transfer of teachers) and section 358 (pertaining to dismissal of teachers), the board was not required to have reasons for its transfer of a teacher.
Appellee Board does not dispute that it was required to inform Mrs. Bradford of its reasons for transferring her. Rather it contends that she waived her right to a written statement of reasons mailed within five days prior to the hearing by appearing in person and through counsel at the hearing and electing to proceed with the hearing after the Board had offered to continue the hearing to another time. The offered continuance was not for the purpose of giving notice of reasons. We are referred to decisions in other jurisdictions where in similar circumstances a waiver of the statutory notice of reasons requirement was held to have occurred under teacher tenure statutes such as ours.
We do not consider such rule applicable under our statute.County Board of Education v. Oliver, 270 Ala. 107, 116 So.2d 566
(1959), held that the teacher tenure law contemplates the rudimentary requirements of fair play, including information as to the charges made. There the teacher received written notice of the proposed cancellation of her contract stating that her performance had been "unsatisfactory and incompetent." The court said that the term "incompetent" was too vague to give sufficient notice and therefore the school board had acted incorrectly in cancelling the teacher's contract. The fact that she had a hearing did not cure the defective notice. "[The teacher] was entitled to a detailed statement of the reasons why the County Board of Education had concluded that she was incompetent."270 Ala. at 109, 116 So.2d at 567.
While it is true that some statutory rights may be waived, and indeed the right to a hearing at all under section 356 may be waived simply by failing to request a hearing, once a teacher has chosen to have a hearing, the right to a fair hearing may not be waived. Notice of the school board's reasons for transferring a teacher are so essential to preserving the integrity of the hearing that failure to give notice of reasons for transfer results in lack of due process. We hold, therefore, that a teacher must be given written notice of reason for transfer prior to hearing. We do not need to decide under the facts of this case whether the form or time of notice may be waived.
The judgment of the trial court is reversed and the cause is remanded to the trial court for the entry of a judgment affirming the order of the State Tenure Commission.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and INGRAM, J.,* concur.
* KENNETH INGRAM, Circuit Judge, sitting by special appointment of the Chief Justice. *Page 191