WRIGHT, Presiding Judge.
This is an appeal from the granting of a peremptory writ of mandamus. We reverse.
The history of controversy between the Board of School Commissioners of Mobile County and James E. Buskey is rather long and involved. Insofar as this court knows, the beginning of the saga was when Mr. Buskey returned from a Board-granted leave of absence for graduate study during the 1972-73 school year. Upon return from his study, Buskey requested advancement from his pre-leave status as assistant principal of Toulminville High School to a princi-palship or a central office supervisory position. He then held tenure under the Alabama Teacher Tenure Act. His request was not granted. Instead, by letter of August 27, 1973, the Board informed him he was being reassigned to the position of assistant principal at Baker High School. Mr. Buskey reported to Baker and remained two days. He then returned to Toulmin-ville. He was not permitted to perform any duties nor allowed an office there. He was informed that his presence was disrupting and that he was subject to arrest for trespassing. He then requested a hearing before the Board under Title 52, Sec. 356, Code of Alabama (1940) (Recomp.1958) (Teacher Tenure Act), contending he had been transferred under the Act.
At this time, counsel for the Board and Buskey reached an agreement that Buskey would report to neither school and remain on salary pending resolution of the dispute or until further instructions. The agreement was verified by exchange of letters.
The Board held a hearing according to Sec. 356, though insisting that it was not required because its moving of Buskey from one school to another was a reassignment and not a transfer. After hearing the Board sustained its original action. Mr. Buskey appealed to the Teacher Tenure Commission as provided by Sec. 357, Code. The Board maintained its contention that its action was a reassignment of Buskey and not a transfer and the Commission was without jurisdiction in the matter. The Commission ruled otherwise and directed the Board to hold a hearing on the transfer or to- send up the record of the hearing already held. The Board took neither action, nor sought review, but informed Bus-key’s attorney that it was filing a petition in the federal court in Mobile County which had a continuing jurisdiction over the Mobile school system.
By letter of December 28, 1973, Buskey was notified by an assistant superintendent to report to Baker High School by January 2, or be suspended without pay. Buskey responded by letter advising that he would return to Toulminville if instructed but would not report otherwise pending the appeal of his transfer to the Tenure Commission. His pay was terminated January 2, 1974. Acting upon motion of Buskey, on January 17, 1974, the Tenure Commission ordered the Board to comply with its previous order and directed the reinstatement of Buskey to Toulminville. On January 22, 1974, Buskey’s attorney wrote the Board stating that until the Board would permit Buskey to return-to Toulminville peaceably, he would not report there. Attorney for the Board responded by letter of January 31 that the assignment to Baker could not be changed because of the pending petition in federal court.
On February 21, 1974, the federal court granted the motion of Buskey to dismiss the petition. There having been no action by the Board for review of the orders of the Tenure Commission, the Commission sought enforcement of its orders by petition for writ of mandamus in the Circuit Court of Mobile County on September 20, 1974. Mandamus was denied. The Commission appealed to this court.
On June 11, 1975, this court reversed the circuit court and directed it to issue mandamus requiring the Board to forward the transcript of its October 3, 1973 hearing to the Tenure Commission for its review on appeal.
Meanwhile, on June 24,1974, Buskey conferred with the assistant superintendent about a position for the school year 1974-75. He was told he was being considered *1154 for transfer to Williamson High School as assistant principal. Buskey was notified of the transfer from Baker to Williamson on June 28, 1974. He requested hearing under Sec. 356. Hearing was held and transfer ordered on July 24, 1974. Buskey appealed to the Tenure Commission. On September 27, the Commission found failure by the Board to follow statutory procedure in the transfer and directed the transfer be set aside. The Board took mandamus to circuit court. It was not until August 18, 1975, that the court issued its peremptory writ vacating the order of the Commission. After appeal to this court, the order of the circuit court was upheld on March 31, 19.76. Alabama State Tenure Commission v. Board of School Commissioners of Mobile County, 332 So.2d 724 (Ala.Civ.App.), cert. denied 332 So.2d 732 (Ala.1976).
While the original transfer from Toul-minville High to Baker High was being kept from the consideration of the Tenure Commission by the refusal of the Board to submit to its jurisdiction and orders; while mandamus brought by the Commission against the Board was pending in circuit court; and while appeal from the transfer to Williamson for the year 1974-75 was pending before the Tenure Commission, the superintendent, on September 4, 1974, proposed cancellation of the contract of Buskey on the ground of neglect of duty. The stated basis for the charge of neglect of duty was the failure of Buskey to report to his last assigned position at Williamson High or at any other school in the system. Buskey requested a hearing. After hearing, the Board cancelled his contract upon the grounds of neglect of duty in that he failed to report for duty anywhere in the school system for the 1974-75 school year and thus was absent without leave from August 19, 1974, to the date of the hearing on October 3, 1974.
Buskey promptly appealed the cancellation to the Tenure Commission. The Commission, on December 9, 1974, reversed the cancellation stating that the evidence before the Board failed to support the charge of neglect of duty and that the action of the Board was thus arbitrarily unjust.
The Board sought mandamus in the circuit court of Mobile County. The court reviewed in detail the evidence in the record and found that the finding of the Commission was itself unjust. The Tenure Commission appealed to this court. Mr. Buskey has been permitted to appear here amicus curiae.
The Tenure Commission in this case reviewed the evidence in the record and concluded therefrom that the charge of neglect of duty brought against Mr. Buskey was totally unsubstantiated. The Commission further concluded that the record showed that Mr. Buskey acted within his statutory right in not reporting to the school system for the 1974-1975 school year. It found that to cancel a contract for neglect of duty for failure to report to a school while a transfer thereto was under appeal was illegal and contrary to the provisions of Title 52, Sec. 357.
The circuit court after hearing for mandamus found that the Commission held that Buskey had a statutory right not to work as a teacher for the 1974-75 school year. The court further found that Buskey had the alternative to report to any of three schools and that he wilfully refused to accept any of the alternative positions.
We will point out the fallacy of the circuit court’s conclusion. It will be recalled that we have previously stated that Buskey was directed to report to Baker after returning from leave. There is no question but that such direction was, in fact, a transfer; State ex rel. Zeanah v. Berger, 55 Ala.App. 246, 314 So.2d 700 (1975); though the Board insisted it was a reassignment. Buskey requested a hearing and after adverse action by the Board appealed to the Tenure Commission. Sec. 357 provides that no transfer shall be affected, if appeal is filed, until after approval of the transfer by the Tenure Commission. The Tenure Commission had given no such approval when the charges of neglect of duty were brought and heard by the Board in *1155 September of 1974.[1] Therefore, by statute, Buskey was entitled to be serving as assistant principal at Toulminville High School at the time of the cancellation of his contract.
Did Buskey refuse to report to Toulmin-ville? That was a question of fact to be determined from the evidence. The Board determined that fact adverse to Buskey. Was that finding supported by the evidence? The Commission after reviewing the evidence determined that it was not. What was the evidence on that issue?
There is no dispute that Buskey in August of 1973 attempted to work at Toulmin-ville. There is no dispute that he was denied duties or an office, and was told he had no right there and could be arrested. It is documented that counsel for Buskey and the Board agreed that he should not report further to Toulminville or to Baker pending resolution of the conflict or until further instructed.[2] In the meantime, he would continue to receive his salary.
This state continued until the superintendent of schools, by letter of December 28, 1973, notified Buskey that he must report to Baker High on January 2, 1974, or be taken off salary.[3] Buskey responded by letter of January 2, 1974, stating that he was prepared to report to Toulminville if the Board instructed him to do so. On January 22, 1974, counsel for Buskey wrote counsel for the Board that he had received the order from the Commission requiring the Board to reinstate Buskey at Toulmin-ville. He stated Buskey was ready to return when notified that he could do so peacefully. The Board’s counsel responded on January 31, writing that the Board was not going to comply with the Commission’s order, but was filing a petition in federal court. Be it remembered, that it was always the position of the Board that Buskey had no right at Toulminville and the Commission had no jurisdiction for Buskey’s appeal. The record was perfectly clear that Buskey was unwelcome at Toulminville and would not be permitted to assume any position there. It was not until after the decision of this court in June of 1975 that the Board furnished the Commission a record to consider in his appeal from his original transfer.[4]
In June, 1974, when informed that the Board intended to transfer him from Baker to Williamson High, Buskey informed the superintendent that he would not accept such a transfer, but would return to Toul-minville for the 1974-75 year.
Thus the record, without dispute, supports the conclusion of the Tenure Commission that Buskey was legally entitled by statute to remain at Toulminville until approval of his transfer on appeal to the Tenure Commission. His refusal to report to any other school was proper. He was denied the right to work at Toulminville. The circuit court upon review of the finding of the Commission by mandamus erred in finding the order of the Commission unjust. There was sufficient evidence to support the conclusion of the Commission. Ex parte State Tenure Commission, 11 ABR 364, S.C. 1800 (December 10, 1976). We therefore reverse the circuit court and direct it to dismiss the petition for mandamus.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.

. The delay of a hearing by the Commission for more than two years was directly due to the refusal of the Board to comply with the orders of the Commission.

. Letter dated August 30, 1973 from counsel for the Board to counsel for Buskey.

. By the date of that letter, the appeal of the transfer had been carried to the Commission. The Board had been ordered to send up the record of its hearing and to permit Buskey to work at Toulminville until the Commission ruled on the appeal.

.It is ironic that the Commission, when finally given a record by the Board, upon review sustained the transfer of Mr. Buskey from Toul-minville to Baker. Had the Board conceded that its action was a transfer and not a reassignment, all the matters reviewed here and in .the other two appeals to this court would not have arisen.